IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| CARLOS TERRILL MAXWELL, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-13-145-F |
| | ) | |
| REECE LANE, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

By this action, Petitioner seeks a federal writ of mandamus against an Oklahoma county official. Doc. 1. The matter is before the undersigned Magistrate Judge on referral by United States District Judge Stephen P. Friot for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). For the following reasons, the undersigned recommends that the petition for writ of mandamus be dismissed for lack of subject matter jurisdiction.

## I. The petition for mandamus relief.

Petitioner, who filed this action while incarcerated as a pre-trial detainee in Payne County, Oklahoma, titled his opening pleading as a "Writ of Mandamus on policy to compel on administrated procedures."[1] Doc. 1, at 1. He named Reece Lane, the Payne County Jail Administrator, as the only Defendant. *Id.*

---

[1] Unless otherwise indicated, all quotations in this report are reproduced verbatim.

at 2. Petitioner complains in general terms of widespread corruption and misconduct – including the withholding of legal material and the fabrication of evidence – by jail officials and staff, by the police, and by Payne County prosecutors. *Id.* at 1. He alleges that since the time of his arrest Defendant Lane thwarted his efforts to file formal complaints about these matters and denied him "law library access and materials to lidagate his arguements." *Id.* at 3. Petitioner requests "this court issue's order to payne county administrator to take action to the plaintiff request by implementing complaint by procedure to get these matters resloved." *Id.* at 4.

## II. Procedural history.

After Petitioner paid his $350 filing fee, the then-assigned Magistrate Judge ordered service, directing Petitioner to effect service on Defendant Lane by June 26, 2013. Doc. 8. From his jail address, Petitioner promptly filed a request for issuance of summons. Doc. 10. Shortly thereafter, he filed a notice of change of address to what appears to be a non-custodial address. Doc. 11. The Clerk issued summons on March 12, 2013, and returned it to Petitioner – at his new address – for service. Doc. 12. A review of the docket sheet shows that Petitioner has not filed proof of service or any other paper since filing his notice of change of address.

## III. Analysis.

Federal district courts have jurisdiction over "any action in the nature of mandamus to compel *an officer or employee of the United States or any agency thereof* to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). Consequently, a suit for federal mandamus relief must name a federal officer or employee as the subject of the request for relief. *Id.*; *see also Sockey v. Gray*, 159 F. App'x. 821, 822 (10th Cir. 2005) ("Federal courts are without jurisdiction to grant a writ of mandamus against state and local officials.").

Petitioner has not alleged any duty owed to him by a federal official or agency. And, while this court broadly construes pleadings filed by *pro se* litigants, *see Haines v. Kerner*, 404 U.S. 519 (1972), it is not the proper function of the district court to assume the role of advocate for the *pro se* litigant. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court "will not . . . construct a legal theory on a plaintiff's behalf." *Smith v. United States,* 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)).[2] Because this court is not authorized to issue a writ

---

[2] In this regard, Petitioner clearly intended to seek mandamus relief through this action, a fact demonstrated by his previous filing of a 42 U.S.C. § 1983 action against Defendant Lane alleging a violation of his civil rights on claims similar to those made here. *See* CIV-13-93-D. In that case, which was dismissed by Judge DeGiusti because Petitioner made demonstrably untrue allegations of poverty, Petitioner also stopped communicating with the court after his apparent release from custody. The same appears to be the case in a third, still-pending matter. *See* CIV-13-109-D.

of mandamus against state and local officials, this court lacks subject matter jurisdiction over the action. Pursuant to Fed. R. Civ. P. 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

**IV. Recommendation and notice of right to object.**

It is recommended that Petitioner's application for a writ of mandamus be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3) and that his pending motion for appointment of counsel, Doc. 2, be deemed moot.

Petitioner is advised of his right to object to this Report and Recommendation by the 31st day of July, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 11th day of July, 2013.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE